## CITY OF LOWELL *vs.* COUNTY COMMISSIONERS OF MIDDLESEX & others.

The omission by a tax payer to bring in to the assessors a list of his property, verified by oath within the time prescribed by statute, is no ground for dismissing a petition to the county commissioners for the abatement of a tax, if the assessors expressly assented to the delay, and a list verified by oath was brought in before the filing of the petition for abatement.

Under a petition for an abatement of taxes, on the ground of an over valuation of property, county commissioners have no power to increase the taxes upon the same or other property of the petitioner.

Under a petition for an abatement of taxes, county commissioners have no authority to allow to the petitioner the costs of prosecuting his petition.

PETITION for a writ of *certiorari*, to quash the proceedings of the county commissioners for the county of Middlesex, upon the petition of the Proprietors of the Locks and Canals on Merrimack River, a corporation, for an abatement of the taxes assessed upon them in the city of Lowell for the year 1859.

The original petition to the county commissioners for an abatement of taxes set forth that the petitioners, on the 1st of May 1859, were seised of various pieces of real estate in Lowell, and through their agent filed with the assessors, before the 14th of June in that year, which was the time fixed by them for that purpose in public notices, a true, full and accurate list of all their estate liable to taxation in Lowell, duly subscribed, and that their agent when he filed the list offered and requested of the assessors to make oath thereto according to law, but the assessors did not require the oath to be made, and informed and assured the agent that they did not wish him to make the oath, and that the list without his oath should and would have the same effect as with his oath; and the assessors assessed upon their real estate for that year a tax of $1888.50; and, on the 15th of October 1859, their agent filed with the assessors an exact duplicate of the former list, subscribed and sworn to by him, and on the same day they applied to the assessors for an abatement of the taxes assessed upon them, which the assessors refused to grant; wherefore the petitioners, being aggrieved.

applied to the county commissioners for an abatement of the taxes.

Before any evidence was offered, at the hearing upon the original petition, the city of Lowell moved that it be dismissed, because the petitioners therein had not made oath to the list of their property within the time fixed by the assessors, and because the reason assigned for the delay was insufficient; but the commissioners overruled the motion.

It appeared in evidence that the petitioners, in the original petition, were the owners of a large number of pieces of land in Lowell, which had been taxed separately by the assessors, and that they claimed an abatement of the taxes upon about one half of the whole number of pieces of land; and the commissioners were satisfied, upon the whole evidence, that quite a large number of the pieces of land upon which an abatement was claimed had been overvalued by the assessors. The respondents in the original petition offered to prove that the assessors had undervalued certain other lots for which the petitioners were taxed and upon which they did not ask an abatement; but the commissioners decided, as matter of law, that they could make no allowance on this account, and ordered that the taxes upon the petitioners should be abated in the sum of $688.85, and that the city of Lowell should pay the costs in the case, amounting to $610.79.

The present petitioners contended that the proceedings of the county commissioners, as above set forth, were invalid, and prayed that the same might be certified to this court and quashed.

*T. H. Sweetser*, for the petitioners, cited Rev. Sts. *c.* 7, §§ 22–40; *Sts.* 1853, *c.* 319, § 3; 1857, *c.* 306, § 3; Gen. Sts. *c.* 11, §§ 23–46; *Bates* v. *Boston*, 5 Cush. 97; *Winnisimmet Co.* v. *Chelsea*, 6 Cush. 477; *Lincoln* v. *Worcester*, 8 Cush. 63; *Porter* v. *County Commissioners*, 5 Gray, 365; *Otis Company* v. *Ware* 8 Gray, 509; *Watson* v. *Princeton*, 4 Met. 601; *St.* 1859, *c.* 163, §§ 1–4.

*J. G. Abbott*, for the respondents, cited *Dewey* v. *Stratford*, 40 N. H. 203; *Hayden* v. *Foster*, 13 Pick. 492; *Osborn* v. *Danvers*, 6 Pick 98; Gen. Sts. *c.* 11, § 48.

BIGELOW, C. J. 1. The first ground on which it is alleged that the proceedings of the commissioners were erroneous is, that they overruled the motion to dismiss the petition for abatement. The ground of this motion was, that the corporation had not filed a list of their estate and property duly verified within the time specified by the assessors, according to the requirement of *St.* 1857, *c.* 306, § 3, which was in force when the tax in question was assessed. But we think the answer to this objection is, that the corporation proved that there was good cause for the omission to file such list. The only defect in the list was, that the agent of the corporation did not make oath that it was a full and accurate list, until after the time designated for bringing it in had expired. But it is shown that this omission was caused by the assessors themselves, who expressly told the agent that they did not wish him to verify the list by his oath, and that the omission of such verification should not in any way prejudice the rights of the corporation. If this is not good cause for a failure to comply with the strict letter of the statute, it is difficult to imagine any case, which would relieve a party from the consequences of such omission. Yet it is clear that the legislature had in view cases where a party might be prevented from a seasonable compliance with the requisitions of law in some particular, and expressly provided that it should not deprive him of his remedy by appeal, if the commissioners should be satisfied that there was good reason for the omission. The case is very different from *Winnisimmet Co.* v. *Chelsea*, 6 Cush. 477, cited by the petitioners. In that case there was a failure by the tax payers to bring in any list to the assessors at any time. There was an entire omission to comply with the statute. Such is not the case here. The law was complied with in all essential particulars. A list duly sworn to was filed with the assessors before any application was made to them for an abatement of the tax. The only defect was that it was not sworn to within the time required by law. This was a defect which might be cured without danger of infringing on the rights of any one.

If it were necessary to the decision of this case, we should be

strongly inclined to hold that this objection to the doings of the commissioners is not open in this proceeding. The commissioners are authorized to determine whether there was good cause for a failure to bring in the list seasonably. *St.* 1857, *c.* 306, § 3. By this provision it would seem that the jurisdiction of this question is vested exclusively in them, to be decided in the exercise of a sound judicial discretion. If this be so, then it is clear that their adjudication upon it cannot be reviewed by this court in a proceeding in the nature of a writ of error.

2. It is next objected that the commissioners erred in refusing to inquire whether certain lots owned by the corporation were not undervalued by the assessors and taxed for a sum less than was warranted by their actual value. This objection seems to us to proceed on a misconception of the nature of the authority and jurisdiction vested in the county commissioners over the subject matter. They have no power to increase the tax assessed on any item of property belonging to the applicant. Even the assessors could not lawfully exercise such a power after the valuation has been once made and the assessment completed. The only authority which the assessors or the commissioners can then exercise is to abate the tax, if in any respect it is excessive by reason of over valuation. This is the extent of the power vested in them. Rev. Sts. *c.* 7, §§ 37–41. When therefore, as in the case at bar, a tax is assessed on an individual or corporation by a valuation of the separate parcels of real estate belonging to them, and it is proved to the satisfaction of the assessors or the commissioners on an application for an abatement of the tax that any parcel or lot is overvalued and assessed for a greater sum than its actual market value, the applicant thereby proves that he is taxed at more than his just proportion, and is entitled to a reasonable abatement. But proof of such over valuation does not open the inquiry whether other lots have been assessed at too low a rate. The city or town cannot ask that the valuation and assessment on other property of the applicant shall be raised in order to make a set-off against that part of the assessment which is shown to be

excessive.    They are concluded by the judgment of the assessors.

3.  The remaining error insisted on by the petitioners is, that the commissioners awarded to the corporation the costs incurred by them in prosecuting their application for abatement.   In this respect the commissioners exceeded their jurisdiction, and their judgment was erroneous.   A party who obtains an abatement of his tax is entitled only to be reimbursed out of the treasury of the town to the extent of the abatement allowed, if his tax has been paid, "together with all charges."  Rev. Sts. *c.* 7, § 42.  Gen. Sts. *c.* 11, § 48.   This provision is intended only to enable a party to receive back any charges which he may have paid to the collector, occasioned by the enforcement of the tax after the application for an abatement had been made.   This appears from the fact that costs previously incurred are excepted from its operations.   It confers only a right to reimbursement of money paid by the applicant as incidental to the payment of his tax, but does not authorize the recovery of a compensation in the form of costs for time and trouble in prosecuting the application for an abatement.   As there is no other provision of law empowering the commissioners to allow costs, this part of their judgment was erroneous, and a writ of *certiorari* must issue to correct the error.